**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALEXANDER SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES R. MITCHELL & CINEMA 7 CORPORATION,<br><br>    Defendants.<br>_____/ | No. C 06-3591 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE** |

On December 15, 2006, the Court heard oral argument on the motion to dismiss, or alternatively for summary judgment, filed by defendants James L. Mitchell (sued herein as James R. Mitchell) and Cinema 7, Inc. (sued herein as Cinema 7 Corporation). Having considered the papers submitted by the parties and arguments at the hearing, the Court denies the motion without prejudice to renewal. (Docket No. 11). As discussed at the hearing, defendants may renew their motion, augmented with additional evidence if defendants so choose. Plaintiff is cautioned that any opposition to a motion for summary judgment must be supported by evidence such as sworn declarations or affidavits. Plaintiff is directed to review the attached information for guidance regarding preparing an opposition to a summary judgment motion.

**IT IS SO ORDERED.**

Dated: December 19 , 2006

                                                      SUSAN ILLSTON
                                                    United States District Judge

Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion: The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).