United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALEXANDER SMITH,

Plaintiff,

v.

JAMES R. MITCHELL, et al.,

Defendants.
_____________________________________/

No. C 06-3591 SI

**ORDER DENYING PLAINTIFF'S REQUEST FOR A CONTINUANCE; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On February 2, 2007, the Court heard argument on defendants' motion to dismiss, or alternatively for summary judgment. Both plaintiff and defendants appeared and were heard. For the reasons set forth below, the Court DENIES plaintiff's request for a continuance and GRANTS defendants' motion for summary judgment.

## BACKGROUND

**1. Factual background**

Plaintiff, who is African-American, alleges that on or about November 3, 2005, at approximately 4:30 p.m., he was threatened into leaving the premises of the Mitchell Brothers Cinema ("Mitchell Brothers") located at 895 O'Farrell Street, San Francisco, California. *See* Amend. Compl.[1] Plaintiff alleges that the "night manager" forced plaintiff to leave the premises because plaintiff is black. *Id.* Plaintiff alleges that "[t]wo of the dancers Kathleen Pacello and Melanie Whitecamp will support my claim." *Id.* Plaintiff seeks an injunction permitting him to return to the Mitchell Brothers Cinema.

[1] Plaintiff's amended complaint is not signed under penalty of perjury.

Plaintiff also seeks punitive damages.[2]

Defendants have submitted the declaration of Jeff Armstrong, the general manager of defendant Cinema 7, which is the owner of the Mitchell Brothers Cinema. Armstrong states that the theater has no record of plaintiff being present at the theater on November 3, 2005. *See* Armstrong Decl. ¶ 2. Armstrong states that plaintiff has been a patron of the theater for almost 15 years, and that "[o]n several occasions (but not the one alleged), Mr. Smith has been asked to leave because he was aggressive and dangerous to the theater's dancers and patrons. On one such occasion, Mr. Smith grabbed a dancer by the arm and made her cry. Mr. Smith has never been denied admittance to the theater or asked to leave because of his race." *Id.* ¶ 3. Armstrong also states that the two witnesses identified by plaintiff in the amended complaint were not dancers at the theater in November 2005; the theater has no record of a Melanie Whitecamp ever working there, and Kathleen Pacello has not worked at the theater for approximately 6 years, since June 1999. *Id.* ¶ 4. Armstrong also states that individual defendant James L. Mitchell is at the theater for approximately two hours one day each week before the theater opens to the public. *Id.* ¶ 5. "His time is spent in the theater office. He spends no time in the theater itself and does not interact with theater patrons." *Id.*

Defendants have also submitted the declaration of Charlie Benton, a night manager of the Mitchell Brothers Cinema. Benton states that he knows plaintiff, and that "[h]e is a repeat patron of the theater who has on several occasions become disruptive and aggressive." Benton Decl. ¶ 2. Benton states that he was working at the theater on November 3, 2005, and that he does not recall whether plaintiff was at the theater on that date as plaintiff alleges. *Id.* ¶ 3. Benton states,

> However, I have never denied Mr. Smith admittance to the theater or ejected Mr. Smith from the theater because of his race. On those occasions where I was forced to eject Mr. Smith, it was solely because of his aggressive and threatening conduct, which I believed posed a threat to theater employees and to other patrons.

*Id.*

Plaintiff has not submitted any evidence in opposition to defendants' motion.

---

[2] Only injunctive relief is available under Title II of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000a; *see also Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 (1968). Accordingly, the Court strikes plaintiff's request for monetary damages.

United States District Court
For the Northern District of California

**2. Procedural background**

Plaintiff filed this action on June 6, 2006. After conducting a review of the complaint pursuant to 28 U.S.C. § 1915, the Court dismissed the complaint with leave to amend. Plaintiff filed an amended complaint on June 15, 2006, and an application to proceed *in forma pauperis* on August 28, 2006. The amended complaint is not verified. The Court granted plaintiff's application to proceed *in forma pauperis* by order filed August 31, 2006.

Defendants filed a motion to dismiss, or alternatively for summary judgment, on October 10, 2006. Plaintiff filed a three page opposition that did not comply with the Federal Rules of Civil Procedure. The hearing on defendant's motion was held on December 15, 2006. At the hearing, plaintiff expressed his desire to obtain statements from dancers in support of his opposition to defendants' motion. The Court cautioned plaintiff that any opposition to a motion for summary judgment must be supported by evidence such as sworn declarations or affidavits. The Court denied defendants' summary judgment motion without prejudice to renewal, and set a new briefing schedule for a renewed motion. *See* Docket No. 22. Plaintiff did not raise any objection to the new briefing schedule.

The Court also issued a written order on December 19, 2006, denying defendants' motion. The December 19, 2006 order again instructed plaintiff on the importance of submitting competent evidence in connection with any opposition to defendants' motion, and provided written guidance regarding preparing an opposition to a summary judgment motion.

On December 29, 2006, defendants filed a second motion to dismiss, or alternatively for summary judgment, supported by additional declarations. Plaintiff did not file an opposition. On January 26, 2007 – one week before the February 2, 2007 hearing – plaintiff filed[3] a "Request for Rescheduled Hearing." Plaintiff requested a continuance of the February 2, 2007 hearing on defendant's motion, and stated that a continuance is necessary to enable him to obtain "a statement from a dancer who worked at the Mitchell Bros. Theatre from the San Francisco Entertainment Commission."

At the hearing, plaintiff stated that he wanted to get a statement from a dancer named Daisy

[3] Plaintiff did not serve defense counsel with a copy of the request.

United States District Court
For the Northern District of California

Anarchy, a witness, but that Ms. Anarchy would only supply a statement to Mr. Robert G. Davis, Executive Director of the San Francisco Entertainment Commission who has been ill for the last couple of weeks.

There is no mention of Daisy Anarchy in plaintiff's complaint, nor any explanation why her testimony might be relevant.[4] Plaintiff has not provided any explanation for his failure to file an opposition on the schedule agreed upon by the parties at the December 15, 2006 hearing. Since defendants' first motion for summary judgment was filed in October 2006, plaintiff has been on notice of the need to obtain evidence in order to oppose defendants' motion. The Court has already allowed plaintiff an additional opportunity to oppose defendants' motion for summary judgment by denying the first motion subject to renewal and further briefing. The Court has repeatedly instructed plaintiff regarding how to oppose a motion for summary judgment. For these reasons, the Court DENIES plaintiff's request for a continuance. The Court shall rule on defendants' motion based upon the evidence in the record.

**LEGAL STANDARD**

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting

[4] Plaintiff stated at the hearing that there was no "incident" to witness.

evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

Plaintiff's amended complaint alleges that defendants violated Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a), which provides that "all persons shall be entitled to the full and equal enjoyment of the . . . accommodation of any place of public accommodation . . . without discrimination . . . on the grounds of race." 42 U.S.C. § 2000(a). Defendants argue that this Court should dismiss the first amended complaint because the complaint is frivolous, plaintiff has failed to exhaust administrative remedies, and plaintiff has failed to state a claim against defendant James Mitchell. Alternatively, defendants move for summary judgment on the ground that plaintiff has failed to establish a *prima facie* case. Defendants further contend that even if plaintiff could make out a *prima facie* case, defendants have shown that they had non-discriminatory reasons for asking plaintiff to leave the theater.

To establish a *prima facie* case under § 2000a, a plaintiff must demonstrate that he "(1) is a member of a protected class, (2) attempted to contract for services and afford himself or herself of the full benefits and enjoyment of a public accommodation, (3) was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to similarly situated persons outside his or her protected class who received full benefits or were treated better." *Jackson v. Waffle House, Inc.*, 413 F. Supp. 2d 1338, 1361 (N.D. Ga. 2006). Here, plaintiff has failed to establish a *prima facie* case of discrimination because he has not submitted any competent evidence showing that he was at the theater on the night in question and that similarly-situated white patrons were treated differently. Plaintiff's amended complaint is not verified, and he has not submitted any sworn declarations attesting to his version of events.

The Court further finds that even if plaintiff had established a *prima facie* case, defendants have

United States District Court
For the Northern District of California

proffered a legitimate, non-discriminatory reason for his ejection. The Armstrong and Benton declarations state that plaintiff has a history of aggressive and disruptive behavior at the theater, and that theater employees have been forced to eject him in the past because of his threatening conduct. In addition, both Armstrong and Benton state that plaintiff has never been refused admittance or ejected on account of his race. Defendants have met their burden on summary judgment. *See id.* at 1364 (granting summary judgment in Title II action where defendant submitted evidence that plaintiff was ejected from restaurant after plaintiff's daughter threatened restaurant employee).

Finally, plaintiff has not demonstrated that defendants' proffered nondiscriminatory reason was pretextual. Therefore, defendants are entitled to summary judgment on plaintiff's § 2000a claim.[5] *See id.*

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion for summary judgment. (Docket No. 24).

**IT IS SO ORDERED.**

Dated: February 2, 2007

Susan Illston

SUSAN ILLSTON
United States District Judge

---

[5] In light of the Court's disposition of defendants' motion, the Court does not reach the arguments asserted in defendants' alternative motion to dismiss. However, the Court notes that it does not find persuasive defendants' contention that plaintiff's claim is barred for failure to exhaust administrative remedies. Although defendants are correct that California's Unruh Civil Rights Act prohibits racial discrimination in public accommodations, defendants have failed to cite any authority showing that the Unruh Civil Rights Act "establishes or authorizes a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof . . . .." 42 U.S.C. § 2000a-3(c).